# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ORLANDO JONES,**

    **Plaintiff,**

v.                                      **Case No. 25-CV-730**

**JOHN DOES,** *et al.*

    **Defendants.**

## ORDER

On May 19, 2025, plaintiff Orlando Jones, who is currently confined at Fox Lake Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepaying the filing fee, (ECF Nos. 2), and two motions to appoint counsel, (ECF Nos. 7, 10). This order resolves his motions and screens his complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Jones was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then

pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 19, 2025, Jones filed a motion for leave to proceed without prepaying the filing fee. (ECF No. 2.) On May 20, 2025, the court ordered Jones to pay an initial partial filing fee of $ 47.29 by June 20, 2025. (ECF No. 5.) Jones paid the fee on June 9, 2025. Accordingly, the court grants his motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face."

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Jones's Allegations and Analysis*

Jones alleges that three John Doe nurses at Fox Lake Correctional Institution were deliberately indifferent to his medical needs from December 28, 2023, through the present. (ECF No. 1 at 2-3.) However, Jones has not stated what his medical issue is. "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea,* 631 F.3d 843 857 (7th Cir. 2011) (quoting

3

*Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). As such, Jones does not state a claim because he does not identify an objectively serious medical condition.

The Seventh Circuit has emphasized, however, that the district court generally must afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Jones so chooses, he may file an amended complaint by the deadline below.

Jones should explain what his objectively serious medical needs are; identify who ignored or failed to treat them; and when they failed to treat him—identifying the specific individual defendant by name. If Jones does not know the name of the individuals who violated his rights, he may identify them as "John Doe" or "Jane Doe." If his amended complaint is allowed to proceed, Jones will have an opportunity to conduct limited discovery to determine the defendants' identity. Jones must also limit his allegations to short, plain statements and omit any unnecessary detail.

The court is enclosing a copy of the complaint form and instructions. Jones must list all of the defendants in the caption of the complaint. He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint and must be complete in itself. Jones cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

4

If Jones fails to file an amended complaint or fails to file an amended complaint that complies with the court's instructions, the court will dismiss Jones's case and give him a "strike".

## MOTIONS TO APPOINT COUNSEL

Jones also files two motions to appoint counsel. In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman,* No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869,

5

871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

Jones has not demonstrated that he made reasonable efforts to hire a lawyer on his own. The court denies his motions.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Jones's motion for leave to proceed without prepayment of the filing fee (ECF No. 2.) **is GRANTED**.

**IT IS FURTHER ORDERED** that that Jones may file an amended complaint that complies with the instructions in this order on or before **September 10, 2025**. If Jones files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Jones does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Jones shall collect from his institution trust account the $302.71 balance of the filing fee by collecting monthly payments from Jones's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in

accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Jones is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that Jones's motions to appoint counsel (ECF Nos. 7, 10) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Jones a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Jones's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated in Milwaukee, Wisconsin this 18th day of August, 2025.

STEPHEN DRIES
United States Magistrate Judge