# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ORLANDO JONES,**

    **Plaintiff,**

  **v.**                              **Case No. 25-cv-730**

**TRICIA WEISNICHT,** *et al.*,

    **Defendants.**

---

## ORDER

---

On February 18, 2026, plaintiff Orlando Jones, who is incarcerated and representing himself, filed a motion to appoint counsel. (ECF No. 23.) On March 2, 2026, Jones filed a motion to amend his complaint. (ECF No. 27.) On March 17, 2026, Jones filed a second motion to appoint counsel. (ECF No. 28.)

Regarding the motions to appoint counsel, in a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).  And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake.  *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Jones states he sent to several lawyers requesting representation, satisfying the first prong. (ECF No. 23.)

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and

2

motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

Jones states he needs a lawyer because he will likely need a medical expert; he lacks legal knowledge; he has limited access to a computer; and he has anxiety issues. (ECF Nos. 23, 28.) Currently, Jones's case is in the discovery phase with dispositive motions due by September 10, 2026. Discovery consists of written interrogatories (questions) and requests for documents. A person does not need to be well-versed in the law to ask or truthfully answer questions.

Concerning dispositive motions, in cases such as this a dispositive motion is typically a motion for summary judgment. In such a motion a defendant moves the court to dismiss the case because it believes there are no genuine disputes of material fact and that the defendant is entitled to judgment as a matter of law. Should the defendant file a motion for summary judgment in this case, Jones does not need to be well-versed in the law to respond to the motion, nor does he need to contact experts to respond to a summary judgment motion. Summary judgment rises or falls on whether or not there is a genuine dispute of material fact. Jones clearly knows the facts concerning his case, as his complaint demonstrates. The court is familiar with the law and does not need Jones to explain the legal basis of his claim. Instead, the court needs Jones to tell it which facts asserted by the defendant are in dispute and

3

the basis for Jones's contention that those facts are in dispute. The filings in this case demonstrate that Jones is capable of clearly communicating his issues and concerns. As such, the court believes he is able to participate in discovery and to respond to a summary judgment motion and tell his side of the story should the defendant file such a motion. If, because of limited computer access, Jones requires more time to respond to filings, he may always file a motion for an extension of time.

As for Jones's motion to amend the complaint, Civil Local Rule 15(b) states that a motion to amend a complaint "must state specifically what changes are sought by the proposed amendments. The proposed amended [complaint] must be filed as an attachment to the motion to amend." Civil Local Rule 15 (a) states that the proposed amended complaint must include the entire amended complaint and may not incorporate any prior complaint by reference. Jones did not include a proposed amended complaint nor describe the changes sought. His motion is denied. If Jones wants to amend his complaint, he must file a motion to amend the complaint detailing the changes he proposes and include a copy of the entire amended complaint.

**IT IS THEREFORE ORDERED** that Jones's motions for appointment of counsel (ECF Nos. 23, 28) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Jones's motion to amend the complaint (ECF No. 27) is **DENIED**.

4

Dated in Milwaukee, Wisconsin this 28th day of April, 2026.

STEPHEN DRIES
United States Magistrate Judge

5